1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   JOSE P. MITCHELL,                    Case No. 2:21-cv-07789-MWF-KES

12            Plaintiff,

13        v.                              ORDER DISMISSING ACTION
                                          WITHOUT PREJUDICE FOR
14   LOS ANGELES COUNTY                   FAILURE TO PROSECUTE

15   SHERIFF'S DEPARTMENT, et al.,

16            Defendants.

17

18

19                                    **I.**

20                              **BACKGROUND**

21        In September 2021, Jose P. Mitchell ("Plaintiff"), an inmate in state custody,

22   filed what appeared to be a pro se civil rights complaint under 42 U.S.C. § 1983

23   against government entities, officers, and/or employees.  ("Complaint" at Dkt. 1.)

24   The Complaint alleged that the L.A. Sheriff's Department had "fail[ed] to social

25   distance" prisoners at a county jail in compliance with COVID-19 protocols.  (Id. at

26   1.)

27        The Court reviewed the Complaint under the Prison Litigation Reform Act

28

("PLRA"), 28 U.S.C. § 1915A(b), and dismissed it with leave to amend.  (Dkt. 4.)
The Court found that the Complaint failed to comply with Federal Rule of Civil
Procedure 8, because it did not explain what relief Plaintiff was seeking or name
any specific Defendants.  (Id. at 1.)  The Court also noted that any claims for
injunctive relief might be moot, because although Plaintiff was housed at a county-
run when he drafted the Complaint, it appeared he had been transferred to a
different facility run by the state of California.  (Id. at 1-2.)

In November 2021, Plaintiff filed a First Amended Complaint.  (Dkt. 5.)  It
appeared to allege violations of Plaintiff's rights under the Cruel and Unusual
Punishment Clause of the Eighth Amendment because: (a) L.A. Sheriff Alex
Villanueva failed to implement policies at the jail consistent with Centers for
Disease Control's recommendations for protecting inmates from COVID-19; and
(b) pursuant to jail policy, Plaintiff had been required to stay inside a dorm for a
prolonged period, in close proximity to sick inmate(s) and without access to the
outdoors, which caused him psychiatric distress requiring professional treatment.
The claims were brought against Sheriff Villanueva in his official capacity, and
Plaintiff sought monetary compensation.  (Id. at 3, 6.)

On November 18, 2021, the Court dismissed the First Amended Complaint
with leave to amend.  (Dkt. 6.)  The Court found that Plaintiff failed to articulate a
"custom, policy, or practice" that violated his rights—as is necessary to bring a
claim against the Sheriff in his official capacity—because he failed to explain why
or how he believed the Sheriff's Department's policies related to COVID-19 were
deficient.  (Id. at 3-4.)

The Court initially gave Plaintiff until December 17, 2021 to respond to the
dismissal order by filing a Second Amended Complaint, a notice of voluntary
dismissal, or a notice of intent to proceed with the First Amended Complaint.  (Dkt.
6 at 4-5.)  The Court extended this deadline several times after mail addressed to
Plaintiff was returned (Dkt. 16) and in response to several requests from Plaintiff

2

1    for more time (Dkt. 17, 18, 20, 21, 23).

2    After the May 18, 2022 deadline to respond to the Court's order expired

3    without a response from Plaintiff, the Court issued an order to show cause ("OSC")

4    to Plaintiff to show why the action should not be dismissed for lack of prosecution.

5    (Dkt. 24.)  The Court warned Plaintiff that if he "fail[ed] to respond to this Order to

6    Show Cause, the Court may dismiss this action for lack of prosecution and/or

7    failure to follow the Court's orders."  (Id. at 2.)  In response, Plaintiff requested and

8    was granted an extension until August 5, 2022 to respond to the dismissal order.

9    (Dkt. 25, 26.)  However, as of the date of this order, the Court has not received any

10    further filings from Plaintiff.

11                                                    **II.**

12                                        **LEGAL STANDARD**

13    A district court may dismiss an action for failure to prosecute, failure to

14    follow court orders, or failure to comply with the federal or local rules.  See Fed. R.

15    Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v.

16    Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California

17    Local Rule 41-1 provides, "Civil suits which have been pending for an

18    unreasonable period of time without any action having been taken therein may,

19    after notice, be dismissed for want of prosecution."[1]

20    The Court has discretion to dismiss the action with or without prejudice.  See

21    Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain

22    exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b)

23    "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court

24    provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without

25    prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal

26    _____

27    [1] The Local Rules of the U.S. District Court for the Central District of California
       are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

28

with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III.

### ANALYSIS

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor— the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Defendant—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  Because this Court dismissed the complaint on screening, Defendant has not been served.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("[T]he government has not been ordered to respond to Pagtalunan's habeas petition. We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S.

4

1    Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018)

2    (finding no prejudice to a defendant who had not yet been served).  On the other

3    hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff

4    unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53

5    (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses'

6    memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.

7         The fourth factor—availability of less drastic sanctions—favors dismissal.

8    The Court's prior OSC warned Plaintiff that failure to respond might result in a

9    dismissal of this action.  (Dkt. 24.)  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262

10   (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the

11   court's order will result in dismissal can satisfy the 'consideration of alternatives'

12   requirement") (citation omitted).

13        The fifth factor—public policy favoring a disposition of an action on its

14   merits—arguably weighs against dismissal here.  Pagtalunan v. Galaza, 291 F.3d

15   639, 643 (9th Cir. 2002).  However, the effect of this factor is somewhat mitigated

16   by the fact that Plaintiff's Complaint and First Amended Complaint failed to state a

17   claim for relief for the reasons explained in the Court's dismissal orders.  (Dkt. 4,

18   6.)

19        Given that the enumerated factors largely support dismissal, this action will

20   be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  Considering all of the

21   circumstances, and in particular given that Plaintiff is incarcerated and proceeding

22   pro se, the dismissal shall be without prejudice.

23   //

24   //

25   //

26   //

27   //

28   //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED:  August 30, 2022

_____

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE